﻿Citation Nr: AXXXXXXXX
Decision Date: 03/31/20 Archive Date: 03/31/20

DOCKET NO. 191016-37950
DATE: March 31, 2020

REMANDED

Entitlement to service connection for migraines, to include as secondary to service-connected left elbow, left forearm, and/or mental health disabilities, is remanded.

REASONS FOR REMAND

The Veteran had active service in the Navy from November 2000 to December 2001, with additional service in the Navy reserves.

This matter comes before the Board of Veterans’ Appeals (Board) on appeal from a September 2019 rating decision issued by a Department of Veterans Affairs (VA) Regional Office (RO). Favorable findings identified in the decision by the RO were that the claimed disability of migraine headaches was diagnosed and that the claimed primary disabilities have been service-connected (of which the migraine headaches are claimed as secondary thereto). These findings are binding on the Board. 

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review.

The Veteran submitted a VA Form 10182, Direct Review Request: Board Appeal and chose direct review without a hearing by a Veterans Law Judge.

1. Entitlement to service connection for migraines, to include as secondary to service-connected left elbow, left forearm, and/or mental health disabilities, is remanded.

The Veteran contends that her migraines are related to service. The Veteran has expressed that her constant pain due to her injured elbow and forearm and lack of sleep has caused her migraines. 

The Veteran was afforded a VA examination in July 2019. The Veteran was diagnosed with migraines. The examiner stated that after reviewing the Veteran’s medical records and performing physical examination, it is less likely as not that the Veteran’s migraines condition is proximately due to or the result of service connected depression condition since there are no medical pathophysiologic relationship between depression causing or leading to migraines since they are both anatomically and different physiological systems.

The Veteran was afforded an addendum opinion in September 2019. The examiner stated that after reviewing medical and performing physical examination, it is less likely as not that the Veteran’s migraines condition is proximately due to or the result of service connected open reduction and internal fixation with bone graft and residuals of limitation of supination, left elbow condition since there are no medical pathophysiologic relationship between a left elbow condition causing or leading to migraines since they are both anatomically and different physiological systems.

The Board finds that the VA examiner’s opinions in July 2019 and in September 2019 are both inadequate. First, they provide no rationale for the conclusion reached in either opinion, the opinions are essentially duplicative of each other, and fail to consider the lay statements of the Veteran. Second, they did not address whether the Veteran’s migraines were aggravated by her service-connected left elbow and forearm disability and/or mental health disorder. Third, neither opinion addressed direct service connection. The Board notes that when VA undertakes to provide a VA examination or obtain a VA opinion, it must ensure that the examination or opinion is adequate. Barr v. Nicholson, 21 Vet. App. 303, 312 (2007). Given that VA’s duty to assist includes providing an adequate examination, a remand to correct a pre-decisional duty to assist error is warranted.

The matters are REMANDED for the following action:

1. Schedule the Veteran for a VA examination in order to determine the nature and etiology of the Veteran’s migraines. All pertinent evidence of record must be made available to and reviewed by the examiner. Any required studies should be performed, and all clinical findings should be reported in detail.

Following a review of the relevant records and lay statements, the examiner should state an opinion with respect to:

Whether it is at least as likely as not (50 percent or greater probability) that the Veteran’s migraine headaches are related to an in-service injury, event, or disease?

(Continued on the next page)

 

If the foregoing is negative, then the examiner must opine whether it is at least as likely as not (50 percent or greater probability) that the Veteran’s migraines are (1) proximately due to her service-connected left elbow, left forearm, and/or mental health disabilities, or (2) has been aggravated by her service-connected left elbow, left forearm, and/or mental health disabilities. The examiner must provide a separate opinion for causation and aggravation.

2. All opinions must be supported by a clear rationale.

 

 

LESLEY A. REIN

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board M.D.

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.